UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYSHAWN WINBUSH, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:12-CV-41 PS |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

RayShawn Winbush, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 seeking to challenge a determination by prison officials to place him in long-term administrative segregation. (DE 1.) I am obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, on August 16, 2011, officials at the Indiana Department of Correction ("IDOC") central office approved Winbush's placement in administrative segregation at Indiana State Prison, based on a determination by prison officials that he associates with a gang and therefore poses a threat to the security of the facility. (DE 1, at 1-5.) Winbush argues that this determination was improper because he has been a model prisoner and has no disciplinary infractions. (DE 1, at 4-8.)

A prison disciplinary sanction or other such action by prison officials can only be challenged in a habeas proceeding if it lengthens the duration of the prisoner's confinement. *Hadley v. Holmes*, 341 F.3d 661, 664-65 (7th Cir. 2003). The prison's decision to house an inmate in segregation rather than with the general population affects the severity, not the

duration, of confinement; thus, an inmate cannot use habeas corpus to challenge that determination. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). Thus, 42 U.S.C. § 1983 is the proper vehicle to challenge a transfer to more restrictive custody, "in the uncommon circumstances when it can be challenged at all." *Id.* at 644.

Accordingly, the petition must be dismissed. Winbush remains free to file an action under 42 U.S.C. § 1983 challenging his transfer to segregation, subject to the usual constraints of the Prison Litigation Reform Act, including payment of the $350 filing fee. I offer no opinion about the wisdom of pursuing this course, given that there are only very limited circumstances in which a transfer to segregation may be challenged. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (inmates have no liberty interest in avoiding temporary transfer to segregation imposed for administrative, protective, or investigative purposes); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (the hardships plaintiff faced in segregation were "not so atypical and significant as to constitute a deprivation of a liberty interest"); *Thomas v. Ramos*, 130 F.3d 754, 762 (7th Cir. 1997) ("In spite of [plaintiff's] extended period in disciplinary segregation, we are convinced that it did not result in an atypical and significant deprivation because the conditions he experienced did not greatly exceed what one could expect from prison life generally.").

For these reasons, the petition (DE 1) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

**SO ORDERED**.

ENTERED: January 24, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT